**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 97-5016

DENSEL RECARDO EDWARDS,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 98-4030

CLIVE WILLIE BROWN,
Defendant-Appellant.

Appeals from the United States District Court
for the Middle District of North Carolina, at Greensboro.
James A. Beaty, Jr., District Judge.
(CR-97-135)

Submitted: June 23, 1998

Decided: July 22, 1998

Before MICHAEL and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina; Walter L. Jones, CLIFFORD, CLENDENIN, O'HALE & JONES, L.L.P., Greensboro, North Carolina, for Appellants. Walter C. Holton, Jr., United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants Densel Recardo Edwards and Clive Willie Brown appeal their convictions, after a jury verdict, of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994), and attempting to possess with intent to distribute cocaine base, in violation of 21 U.S.C.§§ 841(a)(1), 846. We affirm.

The Government's evidence at trial established that Brown became romantically involved with Government witness Laflita Ham sometime in April 1997. During one of Brown's visits to Ham's house in Greensboro, North Carolina, Brown told Ham that if she would agree to receive a package through UPS, he would pay her bills. Ham agreed to accept the package.

On June 2, Brown phoned Ham from New York to tell her that he would be in Greensboro the next day, and that a package was coming through UPS. On the morning of June 3, Brown arrived in Greensboro with Edwards. Ham sent her brother William Graham to pick up Brown and Edwards, and during the trip back to Ham's house, Brown

2

inquired if the UPS package had arrived and what time the UPS truck usually delivered.

When Brown and Edwards arrived at Ham's house, Brown asked Ham if the UPS package had arrived. When Ham said that it had not, Brown asked Edwards what address Edwards had given the senders in New York. Edwards replied that he told the senders to mail the package to "908 Maten Street." When Ham told Edwards that her address was "908 Martin Street," Edwards said that he had made a mistake and given the wrong address.

Once Brown learned that Edwards had given the wrong address, he directed Ham to call UPS and inquire about the package. Brown also made four calls to his residence in New York using Ham's calling card. Brown told the woman on the other end of the line that the UPS package was wrongly addressed, and directed Ham to tell the woman the correct address.

Law enforcement officers in the meantime had discovered that the package contained crack cocaine, and arranged for a controlled delivery of the package. When an undercover officer delivered the package to Ham's residence, Ham, at Brown's direction signed for the package as "Lisa Night." At that point, officers executed an anticipatory search warrant for the residence. Edwards took the package from Ham and threw it out of the bathroom window. When police entered the house, they saw that the bathroom screen had been forced off the window, and found the UPS package on the ground under the bathroom window. Officers found Edwards still in the bathroom and arrested him. Officers found Brown hiding underneath some clothing in a bedroom closet.

At the conclusion of the evidence, both Defendants moved for a judgment of acquittal, which motions the trial court denied. On appeal, Edwards contends that the trial court erred in denying his motion for a judgment of acquittal as to both the conspiracy and attempt counts of the indictment. Brown contends that the district court erred in denying his motion for a judgment of acquittal on the attempt count.

Edwards contends that the evidence only showed he was present at 908 Martin Street on June 3, and did not show that he had any rela-

3

tionship with Brown or Ham. However, Edwards traveled with Brown to Greensboro. He was present while Brown and Ham attempted to trace the package. Upon learning that the UPS package was addressed wrongly, Edwards stated that he made a mistake and had given the senders in New York the wrong address. When the police entered the house, Edwards ran into the bathroom and threw the package out the window. He was arrested while trying to exit the bathroom. This evidence is sufficient to show the existence of a conspiracy to ship crack cocaine via UPS from New York to Greensboro, and that Edwards knowingly participated in the conspiracy. See United States v. Burgos, 94 F.3d 849, 857-58 (4th Cir. 1996) (in banc), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-6868). The district court did not err in denying Edwards' Rule 29 motion on this ground. See Fed. R. Crim. P. 29; United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993); United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir. 1992).

As to the attempt count, the evidence shows that both Brown and Edwards took substantial steps towards completing the crime of possession with intent to distribute cocaine base. Brown made arrangements with Ham well beforehand for her to accept delivery of a UPS package containing cocaine base. Edwards was responsible for supplying the senders in New York with Ham's address for delivery. Both Edwards and Brown traveled from New York to Greensboro to pick up the package at Ham's house. Upon learning that the package had not arrived yet and that it had been misaddressed, Brown directed Ham to call UPS to give them the correct address. Brown also called someone at his New York residence to correct the address. Edwards admitted that he gave the New York senders the wrong address. When officers began to search the house, Edwards grabbed the package and threw it out the window. This evidence shows both culpable intent and substantial steps towards completion of the crime by both Brown and Edwards. See United States v. Neal, 78 F.3d 901, 906 (4th Cir.), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3260 (U.S. Oct. 7, 1996) (No. 95-9410); United States v. Sutton, 961 F.2d 476, 478 (4th Cir. 1992). The district court did not err in denying Brown and Edwards' Rule 29 motions as to the attempt count. See Fed. R. Crim. P. 29; Brewer, 1 F.3d at 1437; Brooks, 957 F.2d at 1147.

We affirm Appellants' convictions. We dispense with oral argument because the facts and legal contentions are adequately set forth

4

in the materials before the Court and argument would not aid the decisional process.

AFFIRMED